AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

**FILED**

September 15, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____M. Ramirez_____

DEPUTY

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) Case No.  7:22-MJ-262 |
| Rigo Ruben SANCHEZ-RAMIREZ | ) |
|  | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____September 14, 2022____ in the county of ____Midland, Texas____ in the ____Western____ District of ____Texas____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC Sec. 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached

☑ Continued on the attached sheet.

Attested to by applicant pursuant to Rule
4.1 of Fed. R. Crim. P. by phone & email.

_____/s/ James Dolan_____
*Complainant's signature*

_____ATF TFO James Dolan_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____09/15/2022____

_____
*Judge's signature*

City and state: ____Midland, Texas____

____U.S. Magistrate Judge Ronald Griffin____
*Printed name and title*

**AFFIDAVIT**

# 7:22-MJ-262

I, James Dolan, a Detective with the Midland Texas Police Department, currently assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer (TFO) on Midland Odessa Violent Crimes Task Force, being duly sworn state:

1.       I have successfully completed extensive training emphasizing narcotics investigation and law enforcement. I have been employed by the Midland Texas Police Department as a police officer and detective for approximately 18 years and have participated in numerous narcotics investigations involving firearms violations.  I have also attended courses based on investigating Narco-Terrorism and interdiction. In addition, I have operated in an undercover capacity during investigations where narcotics were purchased.

2.       I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information summarized in reports I have reviewed.   I have compiled information derived from numerous discussions with experienced law enforcement officers, and detectives of the Midland Police Department.   Since this complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known by me in the investigation.  More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause.  Based on the facts cited in the body of this affidavit, I believe that probable cause exists that **Rigo Ruben SANCHEZ-RAMIREZ**  who having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely for the federal offenses Marijuana Sell/Weapon Offense (924c) in the Western District of Texas (Midland/Odessa Division) on April 23, 2014 did knowingly and intentionally possess a firearm to wit:  Red/Black 9mm Semi-Auto Pistol (Serial Number: N/A /Dayton, Nevada), which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1).

3.       On September 14, 2022, Detectives with the Midland/Odessa Narcotics Unit executed a search warrant at 7007 ECR 90 in Midland, Texas in reference to a Rigo Ruben SANCHEZ-RAMIREZ distributing quantities of marijuana in the Midland, Texas area.

4.　　　　Prior to the execution of the search warrant Detectives had set up surveillance on SANCHEZ-RAMIREZ residence located at 7007 ECR 90. During the surveillance Detectives observed SANCHEZ-RAMIREZ leave his residence in his white Jeep Cherokee bearing TX LP: PCD-2298. Detectives observed SANCHEZ-RAMIREZ fail to signal 100 feet prior to turning as he turned northbound onto County Rd 1120 from ECR 90. This information was relayed to marked units in the area who later conducted a traffic stop on SANCHEZ-RAMIREZ.

5.　　　　When Officers contacted SANCHEZ-RAMIREZ, they could smell a strong odor of marijuana emanating from the vehicle. Officers later located approximately 340.4 grams of marijuana that was in a blue duffle bag in the front passenger seat of the vehicle. SANCHEZ-RAMIREZ was then transported back to his residence while Detectives searched his residence. During the search Detectives located scales and baggies, all consistent with the distribution of marijuana. Also located was approximately 90 grams of THC, 2-THC Carts, a firearm, ammunition, and a magazine. The firearm was in SANCHEZ-RAMIREZ clothing located in his closet. The firearm is described as a Red/Black 9mm Semi-Auto Pistol (Dayton, Nevada). The ammunition and magazine were in an Ally Outdoor sack. All evidence was photographed and collected as evidence.

6.　　　　SANCHEZ-RAMIREZ was transported to the Midland Police Department to be interviewed. Prior to the interview SANCHEZ-RAMIREZ was read the *Miranda* warning, which he advised he understood. During the interview SANCHEZ-RAMIREZ admitted to obtaining quantities of marijuana to distribute in the Midland, Texas area. SANCHEZ-RAMIREZ stated that he had purchased the firearm in Roswell, New Mexico. SANCHEZ-RAMIREZ also stated that he had purchased 2 magazines and the ammo at the gun store. SANCHEZ-RAMIREZ also advised that he knew he was a convicted felon and not supposed to possess firearms, however SANCHEZ-RAMIREZ stated that he had it for protection, due to him beefing with people.

7.　　　　A computerized criminal history (CCH) check was later conducted by TFO Dolan, which confirmed that SANCHEZ-RAMIREZ was in fact a convicted felon which prohibited him from possessing firearms or ammunition. Additionally, it was confirmed that the firearm recovered from SANCHEZ-RAMIREZ was

manufactured outside the state of Texas, therefore had traveled in interstate commerce prior to being recovered in Midland, Texas.

8.      Its should be noted that SANCHEZ-RAMIREZ is currently on Supervised Release for a April 17, 2014 conviction for PWID Marijuana and Possession of a Firearm in Furtherance of Drug Trafficking in the Western District of Texas, Midland/Odessa Division in cause number 7:13-cr-285.

9.      Based on my training, expertise and experience, I believe **Rigo Ruben SANCHEZ-RAMIREZ,** who having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess a firearm to wit:  Red/Black 9mm Semi-Auto Pistol (Serial Number: N/A, Dayton, Nevada), which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1).

10.     The punishment SANCHEZ-RAMIREZ faces if convicted of the alleged charge in this complaint is a term of imprisonment not to exceed fifteen years; a three-year maximum term of supervised release, up to a $250,000 fine, and a $100 special assessment.

11.     United States Attorney Monica L. Daniels is aware of this incident and has approved federal prosecution of SANCHEZ-RAMIREZ.


_____/s/ James Dolan_____          09/15/2022
James Dolan                                   _____
Task Force Officer                                   Date
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by applicant pursuant to Rule
4.1 of Fed. R. Crim. P. by phone & email.

Sworn to and subscribed before me in my presence.


_____
Ronald C. Griffin                                   09/15/2022
United States Magistrate Judge                 _____
                                                     Date